IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hal K. Levitte, _____/ | NO. C 08-03369 JW<br>NO. C 08-03452 JW<br>NO. C 08-03888 JW<br>NO. C 08-04701 JW |
| RK West, Inc., _____/ | **ORDER GRANTING MOTION TO CONSOLIDATE; APPOINTING INTERIM CLASS COUNSEL** |
| Pulaski & Middleman, LLC, _____/ | |
| JIT Packing, Inc.,<br>   Plaintiffs,<br>   v.<br>Google, Inc.,<br>   Defendant. _____/ | |

## **I. INTRODUCTION**

Presently before the Court is Plaintiffs' Motion to Consolidate Related Cases, Appoint Interim Class Counsel, and Schedule the Filing of Plaintiffs' Consolidated Complaint.[1] Plaintiffs seek to consolidate four related class actions ("Related Class Actions") against Google Inc.'s

---

[1] (Plaintiffs' Motion to Consolidate Related Cases Pursuant to Fed. R. Civ. P. 42(a); Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(2); and Schedule the Filing of Plaintiffs' Consolidated Complaint, hereafter, "Motion," Docket Item No. 34.)

("Defendant") and to appoint interim co-lead counsel.[2] To date, Defendant has not filed an opposition.[3] The Court found it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court ORDERS the cases consolidated and appoints Schubert Jonckheer Kolbe & Kralowec LLP as interim class counsel.

## II. BACKGROUND

The Related Class Actions were filed against Defendant on behalf of internet advertisers who used Defendant's AdWords program to display advertisements online. Plaintiffs allege that Google unlawfully displayed advertisements on "parked domains," websites with a registered domain name that typically lack content, and "error page websites," websites with an unregistered domain name or that simply display the results of a malformed search query. Plaintiffs allege that, although parked domains and error page websites are low-quality websites from an advertiser's perspective, Defendant charged them for displaying advertisements on these sites without revealing to Plaintiffs that they were parked domain and error page websites.

The first of the Related Class Actions, Levitte v. Google, Inc., was filed in the Northern District of California on July 11, 2008 and assigned to this Court. On November 3, 2008, the Court related three additional later-filed cases. (See November 3, 2008 Order Granting Motion to Relate Cases, Docket Item No. 30.)

## III. DISCUSSION

**A.     Consolidation of the Related Class Actions**

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877

---

[2] The Related Class Actions are Levitte v. Google, Inc., No. C 08-3369 JW (filed Jul. 11, 2008), RK West, Inc. v. Google, Inc., No. C 08-03452 JW (filed Jul. 14, 2008), Pulaski & Middleman, LLC v. Google, Inc., No. C 08-03888 JW (filed Aug. 14, 2008), JIT Packing, Inc. v. Google, Inc., No. C 08-04701 (filed Oct. 10, 2008).

[3] Plaintiffs represent that Defendant agrees that the cases should be consolidated, but that it neither endorses nor opposes Plaintiffs' proposed leadership structure.

United States District Court
For the Northern District of California

1  F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district
2  court "weighs the saving of time and effort consolidation would produce against any inconvenience,
3  delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

4       Here, in reviewing the Complaints filed in the Related Class Actions, the Court finds that
5  each case presents virtually identical factual and legal issues. Google, Inc. is the sole Defendant in
6  each case. The core issue of each case is whether Defendant unlawfully charged internet advertisers
7  for advertisements displayed on parked domain and error page websites. Further, as each case is a
8  putative class actions, the issues concerning class certification will be substantially duplicative.
9  Given these similarities and the lack of any apparent inconvenience, delay, or expense that would
10 result from bringing the cases together, the Court finds that consolidation of the related cases is
11 appropriate. Accordingly, the Court GRANTS Plaintiffs' request to consolidate the Relate Class
12 Actions.

### B.    **Appointment of Interim Class Counsel**

14      Plaintiffs contend that appointing interim class counsel is necessary to protect the interests of
15 the putative class. (Motion at 5.) Plaintiffs seek to have four law firms–Schubert Jonckheer Kolbe
16 & Kralowec LLP, Saveri & Saveri, Inc., Kabateck Brown Kellner LLP, and Foote, Meyers, Mielke,
17 and Flowers, LLP–appointed as co-interim class counsel. (Id.) Plaintiffs further seek to have
18 Schubert Jonckheer Kolbe & Kralowec LLP appointed as liaison counsel to provide Defendant with
19 a single firm to contact. (Id. at 12.)

20      Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a
21 putative class before determining whether to certify the action as a class action." Although Rule
22 23(g)(3) does not provide any guidance for selecting interim class counsel, a court may consider the
23 factors enumerated in Rule 23(g)(1). Under Rule 23(g)(1), a court considers "(I) the work counsel
24 has done in identifying or investing potential claims in the action; (ii) counsel's experience in
25 handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)

1 counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to
representing the class."[4]

Here, although Plaintiffs contend that the scope of the proposed consolidated action favors a multi-firm structure, the Court finds that the putative class will benefit from having a single firm conduct the pre-class certification aspects of the litigation. Thus, upon review of the law firm resumes submitted by Plaintiffs and consideration of the factors enumerated above, the Court appoints Schubert Jonckheer Kolbe & Kralowec LLP as interim class counsel.

### IV. CONCLUSION

The Court GRANTS Plaintiffs' Motion to Consolidate the Related Actions and orders as follows:

(1) The related putative class actions–C 08-3369 JW, C 08-03452 JW, C 08-03888 JW and C 08-04701 JW–are consolidated into one action. The Clerk of Court shall consolidate these actions such that the earlier filed action, C 08-3369 JW, is the lead case. All future filings shall be in C 08-3369 JW and bear the caption: "In re Google AdWords Litigation." In addition, the Clerk shall administratively close C 08-03452 JW, C 08-03888 JW and C 08-04701.

(2) Schubert Jonckheer Kolbe & Kralowec LLP is appointed interim class counsel.

(3) Plaintiffs shall file an Amended Consolidated Complaint on or before **April 6, 2009.**

In light of this Order, the Court VACATES the hearing on the Motion set for March 2, 2009.

Dated: February 25, 2009

JAMES WARE
United States District Judge

---

[4] The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Guido Saveri guido@saveri.com
Kimberly Ann Kralowec kkralowec@schubertlawfirm.com
Leo Patrick Norton lnorton@cooley.com
Michael Graham Rhodes rhodesmg@cooley.com
Peter Joel Willsey pwillsey@cooley.com
Willem F. Jonckheer wjonckheer@schubert-reed.com

**Dated:  February 25, 2009**          **Richard W. Wieking, Clerk**

                                        **By:   /s/ JW Chambers**
                                        **Elizabeth Garcia**
                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California